## W. M. McADAMS V. STATE

No. 27,163.  November 10, 1954

*James L. Cutcher*, Childress, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of whisky in a dry area for the purpose of sale; the punishment a fine of $500.00.

Deputy Sheriff Ricks testified that on the day in question, in company with men from the Texas Liquor Control Board and armed with a search warrant, he went to the Hemstettler's or Cross Roads filling station; that no one was in the station; that he went next door to the cafe, where he found the appellant drinking coffee; that he asked the appellant if he was in charge

of the filling station, and when he received an affirmative answer he and his fellow officers searched the station and found several bottles of whisky in an unlocked store room under some cases of oil. On cross-examination Ricks stated that Charlie Hemstettler ran the filling station; that Wayne Hemstettler and another boy worked at the station; and that he had seen the appellant waiting on automobiles there.

Appellant, testifying in his own behalf, stated that he was 44 years old and had never been convicted of any criminal offense; that he worked part time for Charlie Hemstettler, both at the station and on the farm; and that when he was not working he hung around the station in the hope of picking up odd jobs. He testified that he had never before been in charge of the station, had never been alone there, and that he had not worked for several days before the day of his arrest, but that during the night Charlie Hemstettler had called him and told him that his son had had a wreck and asked him to relieve John Hemstettler, who was working at night at the station, at 7 o'clock that morning, and that he had done so. He stated that when the officers came he had told them that he was in charge until Charlie Hemstettler got back from the wreck and that he had never seen the whisky until the officers found it.

John Hemstettler was called in rebuttal by the state and denied that the whisky was his. Neither Wayne nor Charlie Hemstettler testified.

This is a circumstantial evidence case, and it is apparent that the state has not excluded every other reasonable hypothesis than that of the appellant's guilt.

The evidence is insufficient to support the conviction, and the judgment is reversed and the cause remanded.